NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

Froylan Lopez

              *Petitioner*,

       v.

Jeffrey Crothers, *et al.*,

              *Respondents*.

Civil Action No. 24-8277

**OPINION**

March 30, 2026

---

**THIS MATTER** comes before the Court upon Respondents' Motion to Dismiss the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Froylan Lopez. (ECF No. 11.)  Respondents contend that the Petition is barred by the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Petitioner filed a letter-brief opposing dismissal. (ECF Nos. 12, 14.)

For the reasons set forth below, the Court concludes that the Petition was filed outside the one-year limitations period and that Petitioner has not demonstrated entitlement to equitable tolling.  Respondents' motion is therefore granted.

## I.      BACKGROUND AND PROCEDURAL HISTORY

On June 21, 2016, Petitioner was charged in Hudson County Indictment No. 16-06-0882 with first-degree murder and related weapons offenses. (ECF No. 11-4.) Following a jury trial before the Honorable John A. Young, Jr., J.S.C., Petitioner was found guilty on all counts on December 14, 2017.  (ECF No. 11-5.)

On March 23, 2018, Petitioner was sentenced to an aggregate term of forty years'

imprisonment subject to the No Early Release Act ("N.E.R.A."), and a judgment of conviction was entered on March 26, 2018.  (ECF No. 11-6.)

Petitioner pursued a direct appeal.  On August 12, 2019, the Appellate Division affirmed the conviction and sentence.  *State v. Lopez*, No. A-4145-17T4, 2019 WL 3776952 (N.J. Super. Ct. App. Div. Aug. 12, 2019).  The New Jersey Supreme Court denied certification on January 17, 2020.  *See State v. Lopez*, 222 A.3d 1091 (2020).

On April 21, 2020, Petitioner filed a petition for post-conviction relief ("PCR") in the Law Division of the Superior Court of New Jersey.  (ECF No. 11-16.)  After briefing and a hearing, the PCR court denied relief on April 13, 2021.  (ECF No. 11-19.)

Petitioner did not file a timely appeal from that denial.  Instead, on April 25, 2022—approximately eleven months after the forty-five-day appeal period expired—Petitioner filed a notice of appeal along with a motion to file the appeal as within time.  (ECF No. 11-21.)  The Appellate Division granted the motion and ultimately affirmed the denial of PCR on February 13, 2024.  *See State v. Lopez*, No. A-2561-21, 2024 WL 561960 (N.J. Super. Ct. App. Div. Feb. 13, 2024).  The New Jersey Supreme Court denied certification on June 3, 2024.  *State v. Lopez*, 314 A.3d 1267 (2024).

Petitioner filed the present federal habeas petition on July 23, 2024.   (ECF No. 1.) Respondents move to dismiss the Petition as untimely.  (ECF No. 11.)

## II.    **LEGAL STANDARD**

AEDPA imposes a one-year statute of limitations on petitions for writs of habeas corpus filed by state prisoners.  28 U.S.C. § 2244(d)(1).  As relevant here, the limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  § 2244(d)(1)(A).

The limitations period is statutorily tolled while "a properly filed application for State post-conviction or other collateral review" is pending. § 2244(d)(2).

A petitioner may also obtain equitable tolling, but only upon demonstrating: (1) that he pursued his rights with reasonable diligence; and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (holding that a petitioner bears the burden of establishing both diligence and extraordinary circumstances, and further clarifying that an untimely state post-conviction petition is not "properly filed" for purposes of statutory tolling); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010) (confirming that AEDPA's limitations period is subject to equitable tolling and emphasizing that the diligence inquiry is flexible and fact-dependent, while extraordinary circumstances must be causally connected to the untimely filing).

Equitable tolling is applied sparingly and only in extraordinary circumstances.

III.    **DISCUSSION**

a.  **Timeliness Under AEDPA**

Petitioner's conviction became final on April 16, 2020, when the ninety-day period for seeking *certiorari* from the United States Supreme Court expired following the denial of certification by the New Jersey Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 137, 132 S. Ct. 641, 646, 181 L. Ed. 2d 619 (2012) (explaining that, for purposes of § 2244(d)(1)(A), a state conviction becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review," including the time for filing a petition for certiorari in the United States Supreme Court); *Kapral v. United States*, 166 F.3d 565 (3d Cir. 1999) (holding that direct review includes the opportunity to seek *certiorari*, and that a conviction becomes final when the Supreme Court denies *certiorari* or the time for seeking *certiorari* expires); *see also Caspari v. Bohlen*, 510

U.S. 383, 390, 114 S. Ct. 948, 953, 127 L. Ed. 2d 236 (1994) (defining finality in the habeas context as the point at which "the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied").

Petitioner filed his PCR petition five days after that date, on April 21, 2020. Therefore, the AEDPA limitations period began running 5 days prior to filing of the PCR. *See Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999) (explaining that the limitations period does not begin until the conclusion of direct review, and thus cannot run while direct review remains pending). The limitations period became tolled while the PCR proceedings were pending. *See* 28 U.S.C. § 2244(d)(2).

The PCR court denied relief on April 13, 2021. (ECF No. 11-19.) Under New Jersey law, Petitioner had forty-five days—until May 28, 2021—to file a notice of appeal. *See* N.J. Ct. R. 2:4-1(a) (requiring that appeals from final judgements be filed within forty-five days of entry). Because no appeal was filed within that time, the PCR petition ceased to be "pending" for purposes of statutory tolling as of that date. *See Swartz v. Meyers*, 204 F.3d 417, 420-21 (holding that a petition is "pending" through the time during which an appeal could be filed, but not after the expiration of that period where no appeal is taken).

Accordingly, the AEDPA limitations clock resumed on May 28, 2021.

Petitioner did not seek to file an appeal until April 25, 2022, when he moved to file his PCR appeal as within time. (ECF No. 11-21.) The period between May 28, 2021 and April 25, 2022—332 days—therefore counts toward the one-year limitations period. *See Swartz*, 204 F.3d at 421 (explaining that time during which no properly filed application is pending counts toward AEDPA's limitations period).

The Appellate Division later permitted the appeal to proceed, but under controlling Third

4

Circuit precedent, the acceptance of an appeal "as within time" does not retroactively toll AEDPA's limitations period.  *See Martin v. Administrator New Jersey State Prison*, 23 F.4th 261, 264 (3d Cir. 2022).

Following the conclusion of PCR review, the New Jersey Supreme Court denied certification on June 3, 2024.  *State v. Lopez*, 314 A.3d 1267 (2024).  At that point the AEDPA clock resumed running.  *See Swartz*, 204 F.3d at 420 (tolling applies only while state collateral review is actually pending).

Petitioner filed the present habeas petition on July 23, 2024, fifty days later.  (ECF No. 1.)

Thus, the total untolled time equals 5 days (April 16, 2020 to April 21, 2020), plus 332 days (May 28, 2021 to April 25, 2022), plus 50 days (June 3, 2024 to July 23, 2024), for a total of 387 days.

Because AEDPA permits only 365 days, the Petition was filed twenty-two days late and is therefore untimely unless equitable tolling applies.

**B. Equitable Tolling**

Petitioner does not dispute that the Petition was late.[1]  (ECF No. 14 at 3.)  Instead, he argues that equitable tolling should apply because PCR counsel did not receive the PCR court's decision until March 2, 2022 and was allegedly misinformed by court staff that the decision had not yet been issued.  (*Id.* at 3–4.)  Even assuming the truth of those assertions, Petitioner has not demonstrated the diligence required to justify equitable tolling.

First, equitable tolling requires a petitioner to show that he pursued his rights with

---

[1] Although Petitioner does not dispute that his habeas petition was filed after the one-year limitations period, the Court notes that the actual calculation of untolled time according to the controlling Third Circuit and New Jersey courts shows the petition was twenty-two (22) days late, rather than the seventeen (17) days stated by Respondents.  (*See* ECF No. 11-3 at 12-13.)

reasonable diligence throughout the period he seeks to toll.  *See LaCava v. Kyler*, 398 F.3d 271, 275-76 (3d Cir. 2005) (emphasizing that equitable tolling requires reasonable diligence, and holding that petitioner failed to act with sufficient diligence where he waited an extended period to inquire about the status of his appeal).  The record does not indicate that Petitioner himself made any effort during the nearly eleven-month period following the PCR denial to determine the status of his case or confirm that an appeal had been filed.

Second, even where counsel contributes to a delay, a petitioner must demonstrate that the delay actually prevented timely filing. The Third Circuit has repeatedly held that attorney negligence or miscommunication ordinarily does not constitute an extraordinary circumstance warranting equitable tolling.  *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006) (reaffirming that equitable tolling applies only in rare circumstances and that garden-variety attorney error or neglect does not constitute an extraordinary circumstance); *see also LaCava v. Kyler*, 398 F.3d 271, 275-76 (3d Cir. 2005) (holding that counsel's failure to notify petitioner of the denial of his appeal did not warrant equitable tolling where petitioner failed to exercise reasonable diligence); *Schlueter v. Varner*, 384 F.3d 69, 76-77 (3d Cir. 2004) (concluding that attorney error, including a mistaken belief regarding filing deadlines, is generally not an extraordinary circumstance); *Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002) (holding that a petitioner's misunderstanding or counsel's mistake regarding the law does not justify equitable tolling).

To the extent that Petitioner instead attributes the delay to the PCR court's alleged failure to upload the April 13, 2021 decision to eCourts for approximately one year (*see* ECF No. 14 at 4), that argument fares no better.  Even assuming a delay in electronic docketing, Petitioner must still show that the circumstance was both extraordinary and the but-for cause of his untimely filing

6

despite the exercise of reasonable diligence.  He has not made that showing.  The Third Circuit has consistently required a causal connection between the asserted impediment and the failure to file on time. *See Satterfield*, 434 F.3d at 195; *LaCava*, 398 F.3d at 276; *Schlueter*, 384 F.3d at 76–77; *Johnson*, 314 F.3d at 163.  A delay in the posting of a decision to an electronic docket, without more, does not rise to the level of an extraordinary circumstance where the order was in fact issued and could have been ascertained through reasonable efforts, including inquiry to the court or communication with counsel.  Nor does the record reflect that Petitioner undertook such effort during the relevant period.  Accordingly, he has failed to establish that the alleged eCourts delay prevented him from timely filing his habeas petition.

Although Petitioner ultimately sought leave to file his PCR appeal as within time—and the state appellate court granted that request—that determination does not alter the AEDPA analysis. Under *Martin v. Administrator New Jersey State Prison*, 23 F.4th at 269-71, the acceptance of an appeal "as within time" does not retroactively toll or reset the federal limitations period.

Finally, although Petitioner asserts that he does not speak English and relied upon assistance from another inmate in preparing his filings, language difficulties and reliance on other prisoners are circumstances commonly faced by incarcerated litigants and do not, standing alone, constitute extraordinary circumstances warranting equitable tolling.  *See Pabon v. Mahanoy*, 654 F.3d 385, 400-01 (3d Cir. 2011) (holding that a language barrier may warrant equitable tolling only where it is coupled with the denial of access to translation or legal assistance, and emphasizing the need for a severe impediment preventing timely filing); *see also Mendoza v. Carey*, 449 F.3d 1065, 1069-70 (noting that limited English proficiency, without more, does not justify equitable tolling where the petitioner could obtain assistance); *Yang v. Archuleta*, 525 F.3d 925, 929-30 (10th Cir. 2008) (observing that language difficulties and lack of legal knowledge are common

among prisoners and generally insufficient to constitute extraordinary circumstances).

## IV.    **CONCLUSION**

In short, Petitioner has not shown both reasonable diligence and extraordinary circumstances, as required by *Pace* and *Holland*. Petitioner therefore fails to establish that the alleged delay was the proximate cause of his untimely federal filing.  The Court therefore cannot equitably toll the limitations period.

## V.    **CERTIFICATE OF APPEALABILITY**

Because reasonable jurists would not debate the Court's conclusion that the Petition is time-barred, the Court denies to issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c).

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

8