<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Froylan Lopez | |
| *Petitioner*, | Civil Action No. 24-8277 |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Jeffrey Crothers, *et al.*, | |
| *Respondents*. | |

**THIS MATTER** comes before the Court upon Petitioner's application to proceed *in forma pauperis* on appeal following the Court's Opinion and Order denying the Petition for Writ of Habeas Corpus as untimely and declining to issue a certificate of appealability (ECF Nos. 16, 17); and

The Court having considered Petitioner's Notice of Appeal and Motion to Proceed *In Forma Pauperis* on Appeal (ECF No. 18); and

The Court finding that Petitioner has demonstrated financial indigence; however, under 28 U.S.C. § 1915(a)(3), leave to proceed *in forma pauperis* on appeal may be granted only where the appeal is taken in good faith; and

The Court further finds that an appeal is not taken in good faith where it is frivolous—namely, where it lacks any arguable basis in law or fact or is wholly without merit. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962) (holding that "good faith" under 28 U.S.C. § 1915 is demonstrated when an appellant seeks review of any issue that is not frivolous, and adopting an objective standard for assessing good faith); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)

(defining a frivolous claim as one that "lacks an arguable basis either in law or in fact"); *Pelzer v. Shea*, 470 Fed. Appx. 62, 64 (3d Cir. 2012) (unpublished) (denying leave to proceed *in forma pauperis* on appeal where the appeal presented no non-frivolous issue and was therefore not taken in good faith); and *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 503 (3d Cir. 1991) (observing that an appeal is frivolous where it is "utterly without basis"); and

The Court having previously determined that the Petition was time-barred under 28 U.S.C. § 2244(d), that equitable tolling did not apply, and that reasonable jurists would not debate those conclusions, and therefore denied a certificate of appealability (ECF No. 16); and

The Court further finding that the issues Petitioner seeks to raise on appeal—challenging the Court's application of AEDPA's statute of limitations and equitable tolling principles—do not present any non-frivolous question, but instead restate arguments already considered and rejected under settled precedent, including *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), *Holland v. Florida*, 560 U.S. 631 (2010) and *Martin v. Administrator New Jersey State Prison*, 23 F.4th 261 (3d Cir. 2022); and

The Court further finding that Petitioner's reference to ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984) does not present a cognizable basis for appeal as federal habeas courts may not review the substance of constitutional claims—including *Strickland* claims—where relief is denied on threshold procedural grounds such as untimeliness or procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991) (holding that federal habeas review is barred where a petitioner fails to comply with state procedural requirements, absent cause and prejudice, and that such procedural rulings preclude merits review); *Hull v. Freeman*, 991 F.2d 86, 90–91 (3d Cir. 1993) (explaining that federal courts may not reach the merits of habeas claims where the petition is dismissed on procedural grounds); and

2

For the foregoing reasons,

**IT IS** on this 1st day of May, 2026,

**ORDERED** that Petitioner's application to proceed *in forma pauperis* on appeal is **DENIED**; and it is further

**ORDERED** that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from the Court's prior Order is not taken in good faith; and it is further

**ORDERED** that the Clerk shall serve this Order upon Petitioner.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**